1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN A. ZAMBRANO,
CDCR #BN-7737,

                                    Plaintiff,

          vs.

SAN DIEGO SHERIFF'S
DEPARTMENT,

                                    Defendant.

Case No.:  21cv2133-CAB (JLB)

**ORDER GRANTING MOTION TO
PROCEED IN FORMA PAUPERIS
AND DISMISSING COMPLAINT
PURSUANT TO 28 U.S.C.
§§ 1915(e)(2)(B) AND 1915A(b)**

Plaintiff Juan A. Zambrano, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff claims that while housed at the San Diego County Central Jail his right to be free from cruel and unusual punishment under the Eighth Amendment was violated by San Diego County Sheriff's Deputies who used excessive force when they tasered and jumped on him.  (ECF No. 1 at 3.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

1

1

## I.     Motion to Proceed IFP

2

3       All parties instituting any civil action, suit or proceeding in a district court of the

4   United States, except an application for writ of habeas corpus, must pay a filing fee of

5   $402.[1]   *See* 28 U.S.C. § 1914(a).   The action may proceed despite a failure to prepay the

6   entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).   *See*

7   *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).   Section 1915(a)(2) also

8   requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund

9   account statement (or institutional equivalent) for . . . the 6-month period immediately

10  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d

11  1113, 1119 (9th Cir. 2005).   From the certified trust account statement, the Court assesses

12  an initial payment of 20% of (a) the average monthly deposits in the account for the past

13  six months, or (b) the average monthly balance in the account for the past six months,

14  whichever is greater, unless the prisoner has no assets.   *See* 28 U.S.C. § 1915(b)(1) & (4).

15  The institution collects subsequent payments, assessed at 20% of the preceding month's

16  income, in any month in which the account exceeds $10, and forwards those payments to

17  the Court until the entire filing fee is paid.   *See* 28 U.S.C. § 1915(b)(2).   Plaintiff remains

18  obligated to pay the entire fee in monthly installments regardless of whether their action is

19  ultimately dismissed.   *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1)

    & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

20      In support of his IFP Motion, Plaintiff has submitted a copy of his California

21  Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report which

22  indicates that during the six months prior to filing suit Plaintiff had an average monthly

23  balance of $133.47, average monthly deposits of $201.13, and has an available balance of

24  $108.33 in his account at the time he filed suit.   (ECF No. 2 at 6-7.)   Plaintiff's Motion to

25

26  _____

27  [1]  In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP,
    must pay an additional administrative fee of $52.   *See* 28 U.S.C. § 1914(a) (Judicial
28  Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

Proceed IFP is **GRANTED**. The Court assesses an initial partial filing fee of $40.23. Plaintiff remains obligated to pay the remaining $309.77 in monthly installments even if this action is ultimately dismissed. *Bruce*, 577 U.S. at 84; 28 U.S.C. § 1915(b)(1)&(2).

## II.   Screening pursuant to 28 U.S.C. § 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## B.    Plaintiff's Allegations

The Complaint presents a single cause of action for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and alleges in full that:

> The deputies at the San Diego Central Jail, tasered me, and jumped on me.  And from that incident, I'm experiencing much pain in my back, my leg, and left foot, and also my right shoulder.  And I'm experiencing vertical and emotional reaction since the incident happened.  The dates of the incident are 12/27/2019, or 12/28/2019.  I'm sending you a copy of the incident report.  What is mentioned on the incident report, is not what actually happened.  When they say that I got battered by the inmates is not the way it happened.  What really happened, it was the deputies that jumped on me.  They used excessive use of force, and hurt me.  I've been seeing the doctor several time[s], and there [sic] looking at all my injuries.  Medical records are available.

(ECF No. 1 at 3.)

Attached to the Complaint is a copy of the incident report which states that on December 27, 2019, Plaintiff was battered by other inmates and tasered when Deputies attempted to quell the incident.  (*Id*. at 8.)  It indicates that Plaintiff contended he was defending himself and did not believe it was necessary for him to be tasered.  (*Id*.)

## C.    Analysis

The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain."  *Whitley v. Albers*,

475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The Court notes that it is not clear from the face of the Complaint whether Plaintiff was a pre-trial detainee at the time of the events or whether he was transferred to the custody of the San Diego County Sheriff's office to serve a term of incarceration as a state prisoner, particularly since he provided a copy of his CDCR trust account statement in support of his IFP motion.  If he was a pre-trial detainee at the time of the events alleged in the Complaint, then an objective test under the Fourteenth Amendment rather than a subjective Eighth Amendment analysis applies.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that the Due Process Clause of the Fourteenth Amendment is applicable to claims of pre-trial detainees rather than the Eighth Amendment because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) ("[A] pretrial detainee can prevail [on an excessive use of force claim] by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.")  A determination as to which test applies is unnecessary at this time because, for the following reasons, Plaintiff has failed to state a claim under either pleading standard.

The only Defendant named in the Complaint is the San Diego County Sheriff's Department. (ECF No. 1 at 1.)  The Complaint does not state a claim against the San Diego County Sheriff's Department because that entity is not a "person" within the meaning of 42 U.S.C. § 1983.  *See Tsao*, 698 F.3d 1128, 1138 (9th Cir. 2012) ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person

acting under color of state law."); *Johnson v. County of San Diego*, 18cv1846-LAB (RBB), 2020 WL 5630503, *3 (S.D. Cal. 2018) ("Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983.")  The Court will liberally construe the Complaint as attempting to state an Eighth Amendment excessive force claim against the County of San Diego and the individual Deputies at the Central Jail who tasered and jumped on Plaintiff.  (*See e.g.* ECF No. 1 at 2-3.)

In order to state a claim against the County of San Diego, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011), citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  Municipal liability may be shown "when an employee is acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker."  *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014), citing *Monell*, 436 U.S. at 694.

Plaintiff has not identified in the body of the Complaint a custom or policy which was allegedly adhered to with deliberate indifference to his constitutional rights.  The incident report attached as an exhibit and incorporated into the Complaint indicates that a San Diego Deputy reviewed Plaintiff's grievance regarding the incident, spoke to Plaintiff about his complaint, and states that: "I explained to you sworn staff (deputies) is expected to quell inmate disturbances within policy and the law."  (ECF No. 1 at 8.)  To the extent Plaintiff rests his Eighth Amendment municipal liability claim on the policy identified in the incident report, there are no allegations in the Complaint regarding the circumstances surrounding or giving rise to the use of force which plausibly allege that the policy caused a constitutional violation.  Rather, the entire extent of the allegations in the Complaint regarding the use of force against Plaintiff are that: "What really happened, it was the deputies that jumped on me.  They used excessive use of force, and hurt me."  (*Id.* at 3.)

The pleading standard required to pass screening under 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formalistic recitation of the elements of a cause of action'" or "tenders 'naked assertion(s)' devoid of 'further factual enhancement,'" does not survive screening.  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Without factual allegations regarding the use force against Plaintiff, the Complaint fails to allege that a constitutional violation arose from the policy identified in the incident report.  In other words, the lack of factual allegations regarding the circumstances surrounding the use of force against Plaintiff prevents a finding that Plaintiff has plausibly alleged the force used on him was administered maliciously and sadistically rather than in a good faith effort to maintain or restore discipline.  *Whitley*, 475 U.S. at 320-21; *Hudson*, 503 U.S. at 6-7 (requiring proof that force was applied "maliciously and sadistically to cause harm" in order to state an Eighth Amendment claim); *LeMaire v. Maas*, 12 F.3d 1444, 1458 (9th Cir. 1993) ("[P]rison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from violent behavior [of disruptive inmates].");  *Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying the pleading standards of *Iqbal* and *Twombly* to *Monell* claims).

In order to cure this pleading defect, Plaintiff must set forth facts which, if true, plausibly allege the force used against him was used maliciously and sadistically to cause him harm rather than in a good faith effort to restore discipline and quell the disturbance.  If Plaintiff was a pretrial detainee at the time of the incident, a lesser standard applies, and he can state a Fourteenth Amendment due process claim by alleging facts which plausibly suggest the use of force was objectively unreasonable, a pleading standard the Complaint as currently drafted also fails to meet due to the lack of factual allegations regarding the use of force.  *See Kingsley*, 576 U.S at 397 ("Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between

the need for the use of force and the amount of force used; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.")  Plaintiff may not simply rely on his conclusory allegation that the force used against him was in his opinion unnecessary without factual allegations which, if true, plausibly support that claim.  *See Starr*, 652 F.3d at 1216 ("First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.")

To the extent Plaintiff seeks to hold a particular San Diego County Sheriff's Deputy liable for an Eighth or Fourteenth Amendment violation, the Complaint fails to state a claim for those same reasons, and because no Deputies are named as defendants or otherwise identified by any action they allegedly took.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

Accordingly, the Court *sua sponte* dismisses the Complaint based on a failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A.  *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Farmer*, 511 U.S. at 837.

### D.    Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his Complaint to attempt to sufficiently allege a § 1983 claim if he can and if he wishes to attempt to do so.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

8

### III.     Conclusion and Orders

Good cause appearing, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (ECF No. 2).

2.     **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the initial filing fee of $40.23 and thereafter collect the remaining $309.77 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2).

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  January 6, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge

21cv2133-CAB (JLB)