UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN A. ZAMBRANO, CDCR #BN-7737,<br><br>  Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPUTIES CROWLEY AND McGARVEY,<br><br>  Defendants. | Case No.:  21cv2133-CAB (JLB)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

On December 23, 2021, Plaintiff Juan A. Zambrano, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff claimed that while housed at the San Diego County Central Jail, San Diego County Sheriff's Deputies used excessive force when they tasered and jumped on him while breaking up a fight.  (*Id*. at 3.)

On January 6, 2022, the Court granted Plaintiff leave to proceed in forma pauperis and dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  (ECF No. 3.)  The Court found the Complaint did not state a claim against

1

the San Diego County Sheriff's Department, the only named Defendant, because that entity is not a "person" within the meaning of 42 U.S.C. § 1983, did not state a claim against the County of San Diego because Plaintiff did not plausibly allege his injuries were caused by a custom, policy or practice of the County, and did not identify the individual deputies as Defendants or otherwise provide non-conclusory allegations regarding the reasonableness of their use of force against him to break up the fight. (*Id*. at 4-7.) Plaintiff was informed of those pleading deficiencies and granted leave to amend. (*Id*. at 8.) Following an extension of time, he filed a First Amended Complaint on April 11, 2022, with separately filed exhibits in support thereof. (ECF Nos. 6-7.) Plaintiff filed a Second Amended Complaint ("SAC") on April 21, 2022, currently the operative pleading in this action, naming two Defendants, San Diego County Sheriff's Deputies Crowley and McGarvey. (ECF No. 8.)

## I. Screening pursuant to 28 U.S.C. § 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner[1] and is proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

---

[1] As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Although it remains unclear whether Plaintiff is a pre-trial detainee, the definition of "prisoner" is satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Plaintiff's Allegations**

The SAC claims a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 8 at 3.) Plaintiff alleges he was a detainee at the San Diego Central Jail on December 27, 2021, when, at 1:53:15 p.m., while he was sitting at a table: "Inmate Camacho started to attack me in the dayroom." (*Id.*) Inmate Camacho

"took his sandals off and ran towards me, and struck me." (*Id.*) Plaintiff states that five other jail detainees witnessed the attack. (*Id.*) Plaintiff approached the front dayroom desk and told the Deputies on duty at the time, Defendants San Diego County Sheriff's Deputies Crowley and McGarvey, about the attack, and they told him to return to his cell. (*Id.*) Plaintiff instead returned to the dayroom and sat back down at one of the tables because: "I didn't want to have problems with Camacho." (*Id.*) He alleges:

> That's when Camacho attacked me without me noticing. So I had to defend myself against Camacho. Luckily I managed to fall on top of Camacho. Then I noticed he was younger than me and he was trying to hurt me. Nevertheless, that's when I felt the taser from Deputy Crowley on the left side of my back when I was on top of Camacho on the floor facing down. I don't think that I was ever a threat to Officer Crowley or CPL McGarvey. They started to use excessive force on me, unnecessarily. I believe it was unnecessary. Because after the excessive force they used on me, from that date on I've been suffering in pain all along. The deputy officer Crowley and CPL McGarvey are saying in their report that I got jumped by the inmates, which is not true. That [is] not the way it happened. It is not Camacho['s] fault either. The truth about the whole incident of the matter of facts of what really happened to me on the incident is that deputy Crowley and CPL Officer McGarvey used unnecessary excessive force on me. My back was injured, I have a broken tooth. They banged my head on the floor causing me to have vertical dizziness and emotional problems and trauma since the incident happened to me.

(*Id.* at 3-5.)

### C.    Analysis

The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). If Plaintiff was a pre-trial detainee at the time of the events alleged in the SAC, then an objective test under the Fourteenth Amendment rather than a subjective Eighth Amendment analysis applies. *See Bell v. Wolfish*, 441 U.S. 520,

535 n.16 (1979) (noting that the Due Process Clause of the Fourteenth Amendment is applicable to claims of pre-trial detainees rather than the Eighth Amendment because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) ("[A] pretrial detainee can prevail [on an excessive use of force claim] by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.")

The Court noted in its original dismissal order that it was unclear from the face of the Complaint whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time of the events, but that he had in any case failed to state a claim under the Eighth or Fourteenth Amendments. (ECF No. 3 at 5.) Although Plaintiff refers to himself as a "detainee" in the SAC (ECF No. 8 at 3), it remains unclear whether he was a convicted inmate or a pre-trial detainee at the time of the events, and the Court will once again apply both standards to Plaintiff's allegations.

The SAC alleges that the two Defendant Deputies responded to a fight between Plaintiff and inmate Camacho, which was started by inmate Camacho, and while they were both on the floor with Plaintiff on top of Camacho they tasered Plaintiff on the left side of his back and banged his head on the floor. (ECF No. 8 at 4.) There are no factual allegations which plausibly allege the force used on Plaintiff was administered maliciously and sadistically rather than in a good faith effort to maintain or restore discipline necessary to state an Eighth Amendment claim. *Hudson*, 503 U.S. at 6-7 (requiring proof that force was applied "maliciously and sadistically to cause harm" in order to state an Eighth Amendment claim); *LeMaire v. Maas*, 12 F.3d 1444, 1458 (9th Cir. 1993) ("[P]rison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from violent behavior [of disruptive inmates]."); *Hudson*, 503 U.S. at 7 (listing relevant factors for consideration of whether the force was used maliciously and sadistically include "the extent of injury . . .

the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officers,' and 'any efforts made to temper the severity of a forceful response.'"), quoting *Whitley*, 475 U.S. at 322 (holding that deference must be given to security measures "taken in response to an actual confrontation" between inmates unless the evidence "will support a reliable inference of wantonness in the infliction of pain."); *Bell*, 441 U.S. at 547 (prison officials are entitled to "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.")  The SAC does not state an Eighth Amendment claim because it does not plausibly allege "unnecessary wanton infliction of pain" was administered "totally without penological justification."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Neither has Plaintiff plausibly alleged that the use of force was objectively unreasonable under the Fourteenth Amendment.  "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S at 397.  That inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396-97 (the reasonableness of the force is considered "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" because "officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.")

Plaintiff alleges that when he reported the first attack on him by inmate Camacho he was told by the Defendants to return to his cell, that he instead returned to sit at a table in the dayroom because he "didn't want to have problems with Camacho," that he was once again attacked by inmate Camacho, that he was on top of Camacho on the floor fighting when the Defendants tasered Plaintiff and banged his head on the floor in an effort to stop

the fight, and that in Plaintiff's opinion the force used against him was unnecessary because he did not pose a threat to the Defendants. These allegations do not plausibly support a claim that the force used to break up the fight was unreasonable. In applying the *Kingsley* and *Graham* reasonableness tests, a court generally considers the type and amount of force applied, the government's interest in the use of force, and the balance between the gravity of the force and the government's need for that use of force. *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc) (once "'the relevant set of facts' has been determined, the reasonableness of the use of force is 'a pure question of law.'"), quoting *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007). The SAC does not plausibly allege the Defendants' use of force to break up the fight was unreasonable under the circumstances alleged. *Kingsley*, 576 U.S at 397; *Graham*, 490 U.S. at 396-97; *Starr*, 652 F.3d at 1216 ("[T]o be entitled to the presumption of truth, allegations in a complaint . . . must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.")

Accordingly, the Court *sua sponte* dismisses the Second Amended Complaint based on a failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Farmer*, 511 U.S. at 837. The Court previously informed Plaintiff of the pleading standards set forth above (*see* ECF No. 3 at 4-8), and he has once again failed to state a § 1983 claim upon which relief may be granted. Because it is now absolutely clear Plaintiff is unable to sufficiently allege a § 1983 claim, the dismissal is with prejudice and without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.   Conclusion and Order

Good cause appearing, the Court **DISMISSES** Plaintiff's Second Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28

U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).  The dismissal is with prejudice and without further leave to amend.

   The Clerk of Court shall enter final judgment accordingly and close the file.

   **IT IS SO ORDERED.**

Dated:  April 29, 2022

                _____
                Hon. Cathy Ann Bencivengo
                United States District Judge